UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:26-CR-24-REW

UNITED STATES OF AMERICA PLAINTIFF

V. **PLEA AGREEMENT**

LEON D. EDWARDS DEFENDANT

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Indictment, which charges a violation of 21 U.S.C. § 841(a)(1), distribution of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the offense are:

(a) The Defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and

(b) The Defendant knew at the time of distribution that the substance was a controlled substance.

3. As to the offense, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the

Defendant admits these facts:

> On June 23, 2025, law enforcement used a confidential informant to place an order for fentanyl to an individual. When the informant arrived at the meeting location in Fayette County in the Eastern District of Kentucky, the Defendant met the informant and delivered to him 28.18 grams of fentanyl. The Defendant knew that the substance contained fentanyl.

4. The statutory punishment for the offense is imprisonment for not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of at least 3 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes between 24 grams and 32 grams of fentanyl, which corresponds to a base offense level of 20.

(c) Pursuant to U.S.S.G. § 2D1.1(b)(18), if the Defendant satisfies the criteria of subdivision (1) of subsection (a) of § 5C1.2, as determined by the Court, decrease the offense level by 2-levels because the Defendant meets the criteria set forth in subdivisions (2)-(5) of subsection (a) of § 5C1.2.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at

sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The United States will not oppose releasing the Defendant on the current conditions until the sentencing hearing if the Defendant does not violate the terms of the order setting conditions of release.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT U.S. ATTORNEY

Date: 8/21/26 By: ______________________
Andrew H. Trimble
Assistant United States Attorney

Date: 08/18/26 ______________________
Leon D. Edwards
Defendant

Date: 8/21/26 ______________________
George Scott Hayworth
Attorney for Defendant